# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Case No.: 23-13720** |
| **John W Catalano** | : | **Chapter 13** |
| | : | **Judge Ashely M. Chan** |
| **Debtor(s)** | : | * * * * * * * * * * * * * * * * * |
| | : | |
| **Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee** | : | **Date and Time of Hearing** |
| | : | **Place of Hearing** |
| | : | **January 16, 2024 at 11:00 a.m.** |
| | : | |
| | : | **U.S. Bankruptcy Court** |
| **Movant,** | : | **900 Market Street, Suite 400, Courtroom #4** |
| **vs** | : | **Philadelphia, PA, 19107** |
| | : | |
| **John W Catalano** | | |
| **Sandra L. Catalano** | | |
| **Kenneth E. West** | | |
| **Respondents.** | | |

### MOTION OF AJAX MORTGAGE LOAN TRUST 2023-B, MORTGAGE-BACKED SECURITIES, SERIES 2023-B, BY U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY AND CODEBTOR STAY AS TO SANDRA L. CATALANO AND MOTION FOR IN REM RELIEF ON FIRST MORTGAGE FOR REAL PROPERTY LOCATED AT 3604 PEACH TREE LANE, BENSALEM, PA 19020

Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee ("Creditor"), by and through the undersigned counsel, moves the Court pursuant to 11 U.S.C. § 362(d) for an Order granting relief from the automatic stay and pursuant to 11 U.S.C § 1301 granting relief from the codebtor stay as to Sandra L. Catalano on the real property located at 3604 Peach Tree Lane, Bensalem, PA 19020 ("Property"), and motion for *in rem* relief pursuant to 11 U.S.C. § 362(d)(4). In support of its motion, Creditor states the following:

1. John W Catalano ("Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 7, 2023 (the "Petition Date").

23-030125_EJS1

2. On November 8, 2006, Debtor and Sandra L. Catalano (the "Codebtor") executed an Adjustable Rate Note in the original amount of $308,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

3. To secure the Note, a Mortgage was given November 8, 2006, and recorded November 28, 2006. A copy of the Mortgage and subsequent Assignments of Mortgage are attached as Exhibit B, evidencing perfection of Creditor's security interest in the Property which is more particularly described in the Mortgage.

4. Creditor believes there are no other liens against the property. Debtor has not yet filed the Schedules for this case.

5. As of December 14, 2023, Debtor has not yet filed a Chapter 13 Plan. The deadline to file the Plan is currently set for December 21, 2023 per docket entry #6 from December 8, 2023.

6. As of December 7, 2023, the total outstanding amount due on the Note is $361,532.07 which consists of:

| | |
|---|---|
| Principal | $257,029.19 |
| Interest | $55,903.85 |
| Escrow Deficiency | $28,810.94 |
| Late Charges | $2,865.41 |
| Unpaid Charges | $16,922.68 |
| Suspense funds | $(0.00) |

7. Creditor seeks relief from the automatic stay pursuant to 11 USC § 362(d) and the codebtor stay pursuant to 11 USC § 1301 to proceed under applicable non-bankruptcy law to enforce its remedies and to take any and all actions necessary to accelerate the balance due on the Note, to foreclose the Mortgage in accordance with state law, to apply the net proceeds to the obligation, and to otherwise exercise its contractual and state law rights as to the Property.

23-030125_EJS1

8. Creditor is entitled to in rem relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. §362(d)(4).

9. Debtor and Codebtor have engaged in a scheme to delay, hinder and defraud creditors that involves multiple bankruptcy filings affecting the Property. The current filing represents the third bankruptcy filing affecting the Property and three foreclosure sales. These serial filings have affected the movement of the foreclosure proceeding, including the cancellation of multiple foreclosure sales. The sequence of events is as follows:

   a) The **first** foreclosure sale was set for August 12, 2022, but was stayed due to the Codebtor's bankruptcy filing of case number 22-12100-amc on August 11, 2022. The bankruptcy case was dismissed on May 30, 2023 for other reasons. A copy of the bankruptcy docket is attached as Exhibit C.

   b) The **second** foreclosure sale was set for September 8, 2023, but was stayed due to the Codebtor's bankruptcy filing of case number 23-11802-amc on June 20, 2023. This bankruptcy case is still ongoing. The Trustee filed a Motion to Dismiss this case for failure to make plan payments on October 4, 2023. A copy of the bankruptcy docket is attached as Exhibit D.

   c) A **third** foreclosure sale was scheduled for December 8, 2023, but was stayed by the filing of the current case by the Debtor, case number 23-13720-amc. A copy of the bankruptcy docket is attached as Exhibit E.

10. A review of each of the foregoing cases reveals that the Debtor and Codebtor took few steps toward prosecuting their cases. One of the Codebtor's prior cases was dismissed earlier this year for other reasons.

23-030125_EJS1

11. The pattern is the same in each case and is an abuse of the protection afforded by the provisions of the Bankruptcy Code. The outright failure to prosecute each case together with the timing of the filings with respect to the foreclosure proceedings and sale dates evidence the Debtor and Codebtor's scheme to delay, hinder, and defraud creditors under 11 U.S.C. § 362(d)(4).

12. Debtor fails to meet the good faith requirement imposed by 11 U.S.C. § 1325(a)(3), which requires a bankruptcy petition to propose a Chapter 13 plan in good faith and not by any means forbidden by law. 11 U.S.C. § 1325(a)(3).

13. The Debtor's current Chapter 13 filing is the third in a series of abusive filings involving the Property and has not been proposed in good faith. The Debtor and Codebtor have not shown any changed circumstances that might lead the Court to believe this case will be any more successful than the two prior cases filed by the Codebtor.

14. It is well established that the actions of one family member in filing a bankruptcy petition for the purpose of staying foreclosure of the same property may be imputed to another family member due to a unity of interest and concert of action. In re Norley, 2002 Bankr. LEXIS 743, 2002 WL 1752280, at * 4 (Bankr. E.D. Pa. June 24, 2002).

15. Under U.S.C. §1325(a)(3), a bankruptcy petitioner must propose a Chapter 13 plan in good faith and not by any means forbidden by law. In determining whether good faith exists, the court must conduct a facts intensive review based upon a totality of the circumstances. In re Legree, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and

23-030125_EJS1

post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in considering the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. In re Legree, 2002 Bankr. LEXIS 1560, *1, 285 B.R. 615 (Bankr. E.D. Pa. 2002).

16. The Debtor's current Chapter 13 filing has not been made in good faith and thus violates 11 U.S.C. § 1325 (3). The Debtor has not shown any changed circumstances that might lead the Court to believe this case will be successful, unlike the prior cases filed by the Codebtor.

### I. Law and Argument

The Court should protect Creditor by issuing an order granting *in rem* relief. The totality of the circumstances shows that Debtor has abused the bankruptcy system to delay, hinder and defraud Creditor's right to collateral.

> **A. The court should grant *in rem* relief because the failure to prosecute three bankruptcy cases, together with the timing of the petitions, including the present petition, evidence Debtor and Codebtor's scheme to delay, hinder and defraud creditors under 11 U.S.C. §362(d)(4).**

Creditor is entitled to *in rem* relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the automatic stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. §362(d)(4) for the reasons that follow.

One of the primary purposes of the bankruptcy code is to provide the "honest but unfortunate debtor" with the opportunity to make a "fresh start". 308 B.R. 843, 848-849 (E.D. Tenn 2004). However, all bankruptcy petitions must be filed in good faith and must

23-030125_EJS1

be fundamentally fair in a manner that complies with the spirit of the Bankruptcy Codes provisions. *Id*. In making a determination as to whether a bankruptcy filing is made in good faith, the Court uses a totality of the circumstances test. *In re Legree*, 285 B.R. 615 (Banrk. E.D. Pa. 2002). Factors to consider include, but are not limited to: (1) the nature of the debt; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) the effect on creditors; (6) the debtor's treatment of creditors pre-petition and post-petition; and (7) whether the debtor has been forthcoming with the bankruptcy court. Serial filings should also be weighed in consider the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. A debtor's pre-petition conduct and the frequency with which the debtor has sought previous bankruptcy relief are elements in the debtor's total circumstances. *Id*.

> 1. *Multiple filings immediately preceding foreclosure sales are evidence of bad faith.*

Debtor and Codebtor have engaged in a scheme to delay, hinder and defraud creditors as evidence by the multiple bankruptcy filings that have affected three foreclosure sales since 2022. The facts in this case are strikingly similar to the facts of *In re Dupuy*, 308 B.R. 843 (E.D. Tenn 2004). As in the present case, the debtor in *Dupuy* filed his bankruptcies on the eve of foreclosure sales. *Id*. The *Dupuy* court held that the debtor's motivation in filing his bankruptcies on the eve of foreclosure sales was to delay the foreclosure proceedings and that such conduct constituted bad faith. *Id*. The court further held that the debtor had repeatedly filed his bankruptcy cases in bad faith, in clear attempts to prejudice the rights of the foreclosure creditor and had used the automatic stay as a "shield to avoid any unfavorable result." *Id*. At 850.

23-030125_EJS1

2. *Debtor's multiple filings evidence bad faith.*

A review of the Debtor and Codebtor's three bankruptcy cases reveals that Debtor and Codebtor did not take all the steps towards prosecuting the bankruptcy cases as the first was dismissed for other reasons, while Debtor and Codebtor currently each have active bankruptcy cases pending with the court. Rather, the evidence shows that Debtor and Codebtor have consistently filed petitions at the last minute and then failed to play by the same rules invoked to stay Creditor's rights in the Property. Debtor and Codebtor have never completed any of the past bankruptcy cases. Debtor and Codebtor's sole accomplishment has been to prevent Creditor from proceeding in its foreclosure action three times in a row – Debtor and Codebtor have, thus, acted in bad faith.

3. *Debtor's repeated inability to cure the default evidences bad faith.*

As further evidence of Debtor and Codebtor's scheme is the fact that the loan in question is delinquent and contractually due for the December 1, 2019 payment, as of December 7, 2023, with delinquent payments totaling $123,975.42. As a result, the totality of the circumstances shows that the Debtor and Codebtor have been filing petitions in bad faith.

**B. The Court should grant *in rem* relief to prevent future abuse.**

*In rem* relief will protect Creditor from future abuses and minimizes damages to Creditor going forward. Due to the history of abusive filings, Creditor respectfully requests *in rem* relief to prevent Debtor, Codebtor, or any other party who has or acquires an interest from filing another bankruptcy for the sole purpose of delaying a foreclosure sale of the subject Property. The code allows for such relief, and the purpose and effect of that section is to prevent successive attempts at abuse from affecting Creditor's rights in

the collateral. *CF*. *In re Lee*, 467 B.R. 906, 920-22 (6th Cir. B.A.P. 2012). Such an order is justified here where the facts show multiple filings on the eve of sale, followed by a lack of diligence in prosecuting the subsequent bankruptcy cases. As a result of the foregoing, an *in rem* relief order is the only way to avoid future abuse.

Creditor requests that the Court order that Rule 4001(a)(3) is not applicable.

Creditor further requests that further compliance with Fed.R.Bankr.P. 3002.1 be waived as to creditor in the instant bankruptcy case upon entry of an Order granting relief from the automatic stay.

WHEREFORE, Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee respectfully requests this Honorable Court to enter an order terminating the Automatic Stay and Codebtor Stay as they affect the interest of Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee in the Mortgaged Premises of the Debtor and Codebtor specifically identified in the Mortgage, and granting such other relief as this Honorable Court may deem just.

Respectfully submitted,

/s/ Adam B. Hall

Adam B. Hall, Esquire (323867)
Alyk L. Oflazian (312912)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Adam B. Hall.
Contact email is abh@manleydeas.com

23-030125_EJS1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Case No.: 23-13720** |
| **John W Catalano** | : | **Chapter 13** |
| | : | **Judge Ashely M. Chan** |
| **Debtor(s)** | : | * * * * * * * * * * * * * * * * * * |
| | : | |
| **Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee** | : | **Date and Time of Hearing** |
| | : | **Place of Hearing** |
| | : | **January 16, 2024 at 11:00 a.m.** |
| | : | |
| | : | **U.S. Bankruptcy Court** |
| **Movant,** | : | **900 Market Street, Suite 400, Courtroom #4** |
| **vs** | : | **Philadelphia, PA, 19107** |
| | : | |
| **John W Catalano** | | |
| **Sandra L. Catalano** | | |
| **Kenneth E. West** | | |
| **Respondents.** | | |

## CERTIFICATE OF SERVICE

I certify that on the date of filing, a copy of the foregoing Motion of Ajax Mortgage Loan Trust 2023-B, Mortgage-Backed Securities, Series 2023-B, by U.S. Bank Trust Company, National Association, as Indenture Trustee for Relief from the Automatic Stay and Codebtor Stay as to Sandra L. Catalano and Motion for In Rem Relief on First Mortgage for Real Property located at 3604 Peach Tree Lane, Bensalem, PA 19020 was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System:

Office of U.S. Trustee, Party of Interest, (Registered address)@usdoj.gov

KENNETH E. WEST, Office of the Chapter 13 Standing Trustee, ecfemails@ph13trustee.com

BRAD J. SADEK, Attorney for John W Catalano, brad@sadeklaw.com

I certify that on the date of filing, a copy of the foregoing document was sent by U.S. Mail to the following:

23-030125_EJS1

John W Catalano and Sandra L. Catalano, 3604 Peach Tree Lane, Bensalem, PA  19020

/s/ Adam B. Hall

23-030125_EJS1